THE STATE, EX REL. FEJES, *v.* CITY OF AKRON.

(No. 5529—Decided April 14, 1965.)

*Messrs. O'Neil & Smith,* for relator.
*Mr. R. C. Sheppard,* director of law, for respondent.

HUNSICKER, P. J.   A demurrer has been filed herein to an original action in mandamus, brought in behalf of Mary Fejes, who seeks by that action to require the city of Akron to appropriate her real property.   The demurrer says the petition does not state facts sufficient to entitle Mary Fejes to a writ of mandamus; and that such petition shows on its face that Mary Fejes has an adequate remedy in the ordinary course of the law.

The petition alleges that Mary Fejes is the owner of a house and lot on a street near the Akron expressway.   In the course of the construction of the expressway, heavy road building machinery, and heavily loaded trucks, passed along the street upon which her house is located, which machinery and trucks, it is claimed, "caused severe tremors and vibrations in and through the underlying and adjacent soil, earth and ground to such extent that [the residence of Mary Fejes] was loosened and moved upon its foundation; was tilted from its former composition to the extent that [the] dwelling structure sustained extensive cracks throughout its plastering; loosening of its framing; distortion of its floors, walls and casements; severance of its utility service connections and other damage to such extent as to render the same valueless and perilous to human habitation."

The petition also alleges that the city of Akron, prior to the commencement of the highway project, knew that the "underlying and adjacent soil" along the course of the highway upon which Mary Fejes lived was "unstable and not conducive to the use of heavy machinery thereon * * *."

It is also claimed that the city of Akron was told of this condition, and the damage to the home of Mary Fejes, during the progress of the building of the expressway.

The prayer of the petition is that the city of Akron be ordered to proceed under and pursuant to Section 5521.06, and related sections, of the Revised Code, to appropriate the property of the relator, Mary Fejes.

There is no allegation that the city of Akron has taken, for public use, any of the land upon which the home of Mary Fejes is located.

The question before us is whether a municipal corporation may be compelled to appropriate a building, and land, which it,

apparently, does not require for public purposes, but which, in the building of a public highway, it has allegedly damaged by means of earth tremors caused when heavy road building machinery and heavily loaded trucks passed along the street in front of the house.

Mandamus is defined in Section 2731.01, Revised Code, as a "writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station."

In the case of *Wilson* v. *City of Cincinnati*, 172 Ohio St. 303, at page 306, the court said:

"* * * An appropriation proceeding emanates from the public authority, all persons claiming title to the property are brought before the court, and the only question to be determined by the jury is the value of the property. Plaintiff, if he had desired, could have, by mandamus, compelled such proceeding by the public authorities here involved * * *."

Further, at page 308, the court said:

"* * * Where a taking is made by the state, the property owner's redress must be obtained by bringing an action in mandamus to compel the director to appropriate the property so taken."

In that case, and related cases, there was a claimed physical taking of property by casting water or sewage, or other substance, upon the land. Here, there is damage to property produced by an outside force, and no occupation by the city of any part of the land.

The analogy herein with the case of *Crisafi* v. *City of Cleveland*, 169 Ohio St. 137, is readily apparent with a reading of the third paragraph of the syllabus, which says:

"Where, during the improvement and development of a public park in a municipality, the use of dynamite causes subterranean tremors which damage nearby property, the municipality is not liable in damages to the owner of such property under the municipality's duty imposed by Section 723.01, Revised Code."

In that case (as in the instant case) the argument advanced by Crisafi was that the damage to his building by the

blasting and dynamiting resulted in an appropriation *pro tanto* of his property for which he was entitled to compensation under Section 19, Article I of the Constitution of Ohio.

It is our conclusion that no cause of action is stated in the petition in mandamus, and the demurrer must be sustained. The action is dismissed at the costs of the relator.

*Demurrer sustained, and action dismissed.*

DOYLE and BRENNEMAN, JJ., concur.